*1030
 
 OPINION
 

 Per Curiam:
 

 On September 20, 1989, respondent Filomena Montoya sustained a compensable injury to her knee while working for appellant Greyhound Exposition Services (“Greyhound”).
 
 *1031
 
 Respondent worked on an on call basis and had worked sporadically throughout the period of her employment. The State Industrial Insurance System (“SIIS”) calculated respondent’s average monthly wage for purposes of awarding her disability benefits based on NAC 616.678(1) and (8). These provisions direct SIIS to calculate an injured employee’s average monthly wage from the date of the injury through the preceding twelve weeks. Based on this calculation, SIIS determined that respondent’s average monthly wage was $264.74.
 

 On May 15, 1991, .respondent requested a hearing on SIIS’s calculation of her average, monthly wage. After conducting a hearing, a hearing officer concluded that SIIS had properly calculated respondent’s average monthly wage. Respondent appealed the hearing officer’s decision.
 

 On January 3, 1992, an appeals officer reversed the hearing officer’s decision. The appeals officer concluded that the twelve week period immediately preceding respondent’s injury did not “reasonably and fairly” reflect respondent’s income because respondent received disparate earnings during this period. The appeals officer determined that under NAC 616.678(7), the period from September 8 through September 20, 1989, “most reasonably and fairly” represented respondent’s income. By calculating respondent’s income using this period, the appeals officer determined that respondent’s average monthly wage was $1,672.60.
 

 On February 5, 1992, SIIS petitioned the district court for judicial review of the appeals officer’s decision. Although Greyhound had not participated in the case up to that point, SIIS listed Greyhound’s counsel on the cover sheet and certificate of mailing in its opening brief. Greyhound then participated in all of the proceedings in the district court.
 

 After briefing and oral argument, the district court denied SIIS’s petition for judicial review. The district court ruled that the evidence supported the appeals officer’s determination and that the appeals officer did not err as a matter of law. SIIS and Greyhound separately appealed the district court’s decision to this court. This court subsequently consolidated the appeals. [Headnotes 1, 2]
 

 This court, like the district court, reviews an administrative decision to determine, based on the evidence that was before the agency, whether the agency’s decision was arbitrary or capricious and thus an abuse of discretion. Shetakis v. Dep’t of Taxation, 108 Nev. 901, 903, 839 P.2d 1315, 1317 (1992). Although this court independently reviews an agency’s legal determinations, “the agency’s conclusions of law, which will necessarily be closely related to the agency’s view of the facts, are entitled to
 
 *1032
 
 deference, and will not be disturbed if they are supported by substantial evidence.” Jones v. Rosner, 102 Nev. 215, 217, 719 P.2d 805, 806 (1986). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. State, Emp. Security v. Hilton Hotels, 102 Nev. 606, 608, 729 P.2d 497, 498 (1986).
 

 The legislature has defined average monthly wage for purposes of this appeal as: “The monthly wage actually received or deemed to have been received by the employee on the date of the accident or injury to the employee . . . NRS 616.027(1)(a). The legislature has delegated to SIIS the power to determine the method of calculating the average monthly wage. NRS 616.624.
 

 SIIS’s administrative regulations direct SIIS to calculate an injured employee’s average monthly wage based on the calculation periods prescribed in NAC 616.678. That regulation provides in pertinent part:
 

 1. Except as otherwise provided in this section, a history of earnings for a period of 12 weeks must be used to calculate an average monthly wage.
 

 2. If a 12-week period of earnings is not representative of the claimant’s average monthly wage, earnings over a period of 1 year or the full period of employment, if it is less than 1 year, may be used. Earnings over 1 year or the full period of employment, if it is less than 1 year, must be used if the average monthly wage would be increased.
 

 7. If these methods of determining a period of earnings cannot be applied reasonably and fairly, an average monthly wage must be calculated by the insurer at 100 percent of:
 

 (a) The sum which reasonably represents the average monthly wage of the employee as defined in NAC 616.670 to 616.688, inclusive, at the time his injury or illness occurs; or
 

 (b) The hourly wage on the day the injury or illness occurs, calculated by using the projected working schedule.
 

 8. The period used to calculate the average monthly wage must consist of consecutive days, ending on the date on which the accident or disease occurred, or the last day of the payroll period preceding the accident or disease if this period is representative of the average monthly wage.
 

 NAC 616.678.
 

 Thus, under this provision, SIIS generally calculates an employee’s average monthly wage based on the twelve weeks directly preceding the employee’s injury. Jessop v. SIIS, 107
 
 *1033
 
 Nev. 888, 890, 822 P.2d 116, 118 (1991); NAC 616.678(1), (8). If a twelve week period “is not representative” of the employee’s wage history, however, SIIS may calculate the average monthly wage based on a period of one year. NAC 616.678(2). Under NAC 616.678(7), SIIS may apply its own earnings period only when the other earnings periods prescribed in NAC 616.678 do not “reasonably and fairly” represent the employee’s average monthly wage.
 
 See Jessop,
 
 107 Nev. at 890-91, 822 P.2d at 118.
 

 SIIS contends that the twelve week period prescribed in NAC 616.678(1) fairly represents respondent’s average monthly wage. According to SIIS, this period adequately reflects the sporadic nature of respondent’s employment. Consequently, the appeals officer had no need to resort to subsection (7). SIIS contends instead that the appeals officer’s calculation of respondent’s average monthly wage based on a period in which respondent was fully employed grossly overcompensates respondent.
 

 Respondent argues that because she works so sporadically, the twelve week period preceding her injury provides an incomplete picture of her employment history. Respondent contends that the appeals officer did not act arbitrarily or capriciously in calculating her average monthly wage based on the two week period in which she was fully employed. Respondent does not explain, however, how this two week period reasonably and fairly represents her average monthly wage.
 

 Both SIIS’s and respondent’s positions are untenable. First, an average monthly wage of over $1,600 does not reflect respondent’s earning history. The appeals officer calculated respondent’s wages based on a period in which respondent was employed full-time. Respondent was not a full-time employee, however, and seldom worked a full schedule. The record on appeal reveals that respondent earned less than $1,500 during the nine months preceding her injury. Consequently, an
 
 average
 
 monthly wage of $1,600 overcompensates respondent for her injury. The appeals officer’s decision thus is not supported by substantial evidence and amounts to an abuse of discretion. Shetakis v. Dep’t of Taxation, 108 Nev. 901, 903, 839 P.2d 1315, 1316 (1992).
 

 The twelve week period immediately preceding respondent’s injury also does not fairly represent respondent’s wage history. Because respondent worked so infrequently, the twelve week period is not sufficiently long to accurately and fairly calculate her average monthly wage. For example, a disproportionately large or small earnings period skews the calculation of respondent’s average monthly wage under the twelve week period pre
 
 *1034
 
 scribed in NAC 616.678(1). This period thus does not adequately represent the sporadic nature of respondent’s employment.
 

 Because the twelve week period does not represent respondent’s average monthly wage, SIIS should have applied one of the other subsections prescribed in NAC 616.678. Subsection (7) does not apply to this case, however, because the one year period prescribed in subsection (2) provides a fair and reasonable method for calculating respondent’s average monthly wage. A one year period is sufficiently long to average the periods respondent was unemployed, the periods she worked full-time and those periods she worked part time. This period thus fairly and reasonably reflects the sporadic nature of respondent’s employment.
 

 Accordingly, we reverse the judgment of the district court and remand this matter with instructions that the district court direct SIIS to calculate appellant’s average monthly wage pursuant to the one year period prescribed in NAC 616.678(2).