An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MGM MIRAGE-CITY CENTER; AND
CHARTIS INSURANCE,
Appellants,
vs.
GREGORY DOROUGH,
Respondent.

No. 58499



FILED

MAY 15 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a petition for judicial review of an administrative decision in a workers' compensation action. Eighth Judicial District Court, Clark County; Jack B. Ames, Judge.

In November 2007, respondent fell while working on appellant MGM Mirage-City Center's job site. His treating physician initially diagnosed him with a lumbar strain, and respondent filed a claim for workers' compensation. Upon a follow-up visit three days later, the physician ordered an MRI, which revealed a herniated disc. Based on the MRI's results, the physician referred respondent to a neurosurgeon.

Respondent attempted to return to work, but his back pain prevented him from doing so. Consequently, he left Las Vegas and returned home to Pennsylvania, where he saw his own neurosurgeon for the first time in January 2008. This neurosurgeon determined that surgery was necessary and performed an initial surgery on respondent's

13-14438

herniated disc in March 2008.[1]  In April 2008, MGM Mirage's insurer, appellant Chartis Insurance, accepted respondent's workers' compensation claim, and in so doing, it categorized respondent's injury as a "lumbar strain."[2]

After his claim for a lumbar strain had been accepted, respondent requested temporary total disability (TTD) benefits from Chartis.  Respondent submitted a physician's progress report completed by his own neurosurgeon that certified respondent as TTD from the date of his initial January 2008 examination.  Chartis denied respondent's request for TTD benefits, as did a hearing officer.

Respondent then appealed the denial to an appeals officer. Before the appeals officer, appellants argued that respondent's herniated disc was not a compensable injury because it was a preexisting condition that was not aggravated by respondent's November 2007 fall.  The appeals officer disagreed and awarded TTD benefits to respondent, as well as medical benefits.  Appellants then filed a petition for judicial review, which the district court denied.  This appeal followed.

"This court, like the district court, reviews an appeals officer's decision for clear error or abuse of discretion." *Dickinson v. Am. Med. Response*, 124 Nev. 460, 465, 186 P.3d 878, 882 (2008); *see also* NRS 233B.135(3) (setting forth the standard for judicial review of an agency's decision).  Although we review issues of law de novo, "the appeals officer's

_____

[1]Respondent underwent a follow-up surgery roughly one year later.

[2]We note that AIG, and not appellant Chartis, was actually the insurer responsible for the initial processing of respondent's claim.  We refer to Chartis in this disposition for the sake of clarity.

Supreme Court
OF
Nevada

(O) 1947A

fact-based legal conclusions are entitled to deference and will not be disturbed if they are supported by substantial evidence. Substantial evidence is evidence that a reasonable person could accept as adequately supporting a conclusion." *Dickinson*, 124 Nev. at 465-66, 186 P.3d at 882 (footnotes omitted). Moreover, our review is limited to the record before the appeals officer. *Id.* at 466, 186 P.3d at 882; *see* NRS 233B.135(1)(b).

*Substantial evidence supports the appeals officer's finding that respondent's fall aggravated his preexisting condition*

Under NRS 616C.175, if an employee sustains a work-related injury that "aggravates, precipitates or accelerates" a nonwork-related preexisting condition, the employee is entitled to compensation "unless the insurer can prove by a preponderance of the evidence that the subsequent injury is not a substantial contributing cause of the resulting condition." NRS 616C.175(1). Appellants argued before the appeals officer that there was no evidence to support respondent's contention that his fall aggravated, precipitated, or accelerated his preexisting condition. Rather, appellants contended that the pain respondent experienced following his fall was merely a recurrence of the pain associated with his already-herniated disc. The appeals officer disagreed and awarded TTD benefits to respondent.

On appeal, appellants contend that it was clearly erroneous for the appeals officer to find that respondent's fall aggravated his herniated disc. We disagree, as substantial evidence supports the appeals officer's finding. First, respondent testified that immediately before his fall, he was able to discharge his occupational duties, whereas immediately after his fall and in the ensuing days, he struggled to stand under his own power. This is the epitome of an "aggravation." *See Grover C. Dils Med. Ctr. v. Menditto*, 121 Nev. 278, 286-87, 112 P.3d 1093, 1099

(2005) (indicating that an "aggravation" is "the result of a specific, intervening work-related trauma," whereas a "recurrence" is when "symptoms of an original injury persist and when no specific incident can independently explain the worsened condition"). Moreover, the physician who treated respondent after his fall referred him to a neurosurgeon, which is something that his pre-fall treating physicians never did. Finally, the doctor who conducted an independent review of respondent's medical records expressly opined that respondent's surgeries were "done as a direct result of the industrial accident."

Thus, substantial evidence supports the appeals officer's finding that respondent's fall aggravated his herniated disc. NRS 616C.175(1); *Grover C. Dils Med. Ctr.*, 121 Nev. at 286-87, 112 P.3d at 1099. As this was the only meaningful argument that appellants put forth before the appeals officer to support the denial of TTD benefits, the officer did not clearly err in awarding these benefits.[3] *Dickinson*, 124 Nev. at 465-66, 186 P.3d at 882; NRS 233B.135(1)(b).

---

[3]Appellants argued alternatively that TTD benefits were unwarranted because respondent moved out of state shortly after his fall, which, according to appellants, prevented them from offering respondent modified light-duty employment. *See* NRS 616C.475(5)(b) (relieving an employer of the obligation to pay TTD benefits if the employer offers the employee light-duty employment that complies with restrictions imposed by the employee's physician). Appellants presented no evidence to the appeals officer to suggest that they had a viable light-duty employment offer for respondent and were simply unable to communicate this offer to respondent or his attorney. Accordingly, the appeals officer did not clearly err in rejecting this argument.

*Medical benefits were properly awarded once the appeals officer determined that respondent's herniated disc was a compensable injury*

Appellants contend that the appeals officer improperly awarded medical benefits for the treatment associated with respondent's herniated disc because appellants initially accepted respondent's claim for only a "lumbar strain" and respondent did not directly challenge the scope of his claim. We disagree. Because appellants' primary argument before the appeals officer was that respondent's herniated disc was not aggravated by his fall, the issue of whether his herniated disc was a compensable injury was squarely before the appeals officer.[4] *See* NRS 616C.360(2) (indicating that an appeals officer must hear any matter raised before him or her on its merits). Thus, once the appeals officer determined that the herniated disc was a compensable injury, medical benefits were clearly part of the "compensation" to which respondent was entitled. *See* NRS 616A.090 (defining "compensation" to include "accident benefits"); NRS 616A.035(1) (defining "accident benefits" as "medical, surgical, hospital or other treatments").

In sum, the award of TTD benefits was not clearly erroneous because substantial evidence supported the appeals officer's finding that respondent's fall aggravated his herniated disc. *Dickinson*, 124 Nev. at 465-66, 186 P.3d at 882; NRS 233B.135(1)(b). Additionally, the officer properly awarded medical benefits as part of the compensation to which

---

[4]We note that the appeals officer's May 2009 interim order expressly stated as much: "[T]here remains an underlying medical issue in this appeal as to whether the claim includes the disc pathology and subsequent surgery or whether the claim is limited to a [lumbar] strain only with all other conditions denied."

respondent was entitled. NRS 616A.090; NRS 616A.035. Accordingly, we affirm the district court's denial of appellants' petition for judicial review.[5]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

cc: Chief Judge, The Eighth Judicial District Court
Hon. Jack B. Ames, Senior Judge
Janet Trost, Settlement Judge
Lewis Brisbois Bisgaard & Smith, LLP/Las Vegas
Michael Paul Wood
Eighth District Court Clerk

---

[5]Any concerns about respondent's TTD certification from his neurosurgeon that were not properly advanced as arguments to the appeals officer were not considered on appeal. *See City of Las Vegas v. Lawson*, 126 Nev. ___, ___ n.2, 245 P.3d 1175, 1179 n.2 (2010) (indicating that a party is precluded from raising an argument on appeal that was not raised before the appeals officer); *Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (noting that this court need not consider an issue when a party fails to provide cogent argument supported by salient authority).