# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| ASSOCIATED RISK MANAGEMENT, INC.,<br>Appellant,<br>vs.<br>MANUEL IBANEZ,<br>Respondent. | No. 80480 |

FILED

NOV 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK


## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a petition for judicial review in a workers' compensation matter. Eighth Judicial District Court, Clark County; Tierra Danielle Jones, Judge.

Respondent Manuel Ibanez is an undocumented Nevadan. In 2014, while working as a carpenter for High Point Construction, a Nevada employer, he sustained severe injuries when a falling two-by-four struck him in the head, shoulder, and back. He was treated for these injuries over the next several years, which included multiple surgeries. Even after these surgeries, he continued to suffer both physical pain and mental trauma related to the accident.

Ibanez applied for permanent total disability (PTD) status in June 2018. Appellant Associated Risk Management (ARM), High Point's insurance administrator, denied this request. It found that Ibanez's disability was only temporary and that he would be employable if he were eligible to work in the United States. Ibanez first appealed to a hearing officer, who affirmed ARM's denial. Ibanez then appealed to an appeals officer, who reversed, granting Ibanez PTD status pursuant to the odd-lot doctrine. ARM petitioned for judicial review. When the district court denied review, ARM appealed to this court.

"When reviewing a district court's order denying a petition for judicial review of an agency decision, we engage in the same analysis as the district court: 'we evaluate the agency's decision for clear error or an arbitrary and capricious abuse of discretion.' We defer to an agency's findings of fact that are supported by substantial evidence and will 'not reweigh the evidence or revisit an appeals officer's credibility determination.' . . . However, questions of law are reviewed de novo." *City of Las Vegas v. Lawson*, 126 Nev. 567, 571, 245 P.3d 1175, 1178 (2010) (quoting *Law Offices of Barry Levinson v. Milko*, 124 Nev. 355, 362, 184 P.3d 378, 383-84 (2008)) (internal citations omitted). Unlike pure legal questions, "the agency's conclusions of law, which will necessarily be closely related to the agency's view of the facts, are entitled to deference, and will not be disturbed if they are supported by substantial evidence." *State Indus. Ins. Sys. v. Montoya*, 109 Nev. 1029, 1031-32, 862 P.2d 1197, 1199 (1993) (internal quotation marks omitted).

ARM first argues that Ibanez was eligible for light duty and therefore should not have been deemed totally disabled. However, we see no abuse of discretion in the agency's conclusion that Ibanez qualified for PTD under the odd-lot doctrine. This doctrine permits a finding of PTD when a worker, "while not altogether incapacitated for work, [is] so handicapped that they will not be employed regularly in any well-known branch of the labor market." *Nev. Indus. Comm'n v. Hildebrand*, 100 Nev. 47, 51, 675 P.2d 401, 404 (1984) (quoting 2 A. Larson, *The Law of Workmen's Compensation*, § 57.51 (1981)); *see* NRS 616C.435(2). Here, the appeals officer based his decision on substantial evidence in the record, including professional medical evaluations. He specifically noted "the credible reporting of Dr. Cestkowski," who had opined, after a physical examination,

that Ibanez was permanently disabled. We do not reweigh the evidence or revisit credibility determinations. *Lawson*, 126 Nev. at 571, 245 P.3d at 1178. Even if ARM's view of the evidence might have been a permissible one, the agency evaluated the evidence differently and came to a different conclusion. That conclusion, which is "closely related to the agency's view of the facts, [is] entitled to deference." *Montoya*, 109 Nev. at 1031-32, 862 P.2d at 1199.

Second, ARM argues that Ibanez is unable to work solely because of his legal ineligibility, and not because of his physical disability. We disagree. As explained above, the appeals officer expressly found that Ibanez was disabled on the basis of medical reports regarding his injuries, not his immigration status.[1] Furthermore, the officer correctly stated that Ibanez's immigration status was irrelevant to his eligibility for PTD benefits. Nevada's industrial insurance system covers "every person in the service of an employer . . . whether lawfully or unlawfully employed," including "[a]liens." NRS 616A.105(1). "Therefore, Nevada's workers' compensation laws apply to all injured workers within the state, regardless of immigration status." *Tarango v. State Indus. Ins. Sys.*, 117 Nev. 444, 448, 25 P.3d 175, 178 (2001).

We are not persuaded by ARM's novel argument that the federal Immigration Reform and Control Act (IRCA), 8 U.S.C. § 1324a, preempts Nevada's workers' compensation statutes whenever an undocumented alien is involved. In *Tarango*, although we held that "the

---

[1]ARM repeatedly notes that Dr. Cestkowski, who opined that Ibanez was disabled, was unaware of Ibanez's immigration status. That only reinforces the conclusion that immigration status played no part in determining that Ibanez qualified for PTD.

IRCA preempts Nevada's workers' compensation scheme in so far as it provides undocumented aliens with employment," we expressly affirmed an award of permanent partial disability benefits that did not provide an undocumented alien with employment or vocational training. 117 Nev. at 456-57, 25 P.3d at 183. Like the worker in *Tarango*, Ibanez remains eligible for monetary disability benefits.

Accordingly, because the appeals officer's decision was supported by substantial evidence and contained no error of law, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Tierra Danielle Jones, District Judge
William C. Turner, Settlement Judge
Law Offices of David Benavidez
Bertoldo Baker Carter & Smith
Eighth District Court Clerk