ROBERT A. MAHEU, Individually and Doing Business
as ROBERT A. MAHEU ASSOCIATES, Petitioner,
*v.* THE EIGHTH JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK, DEPT. NO. 6 and THE HON—
ORABLE HOWARD W. BABCOCK, Judge Thereof,
Respondents.

No. 7190

May 30, 1973                                          510 P.2d 627

*Galane, Tingey & Shearing,* of Las Vegas, for Petitioner.

*Davis and Cox,* of New York, and *Morse, Foley & Wadsworth,* of Las Vegas, for Respondent.

## OPINION

By the Court, ZENOFF, J.:

Petitioner Maheu petitions for a writ of mandamus commanding the respondent court to hear and rule upon his pending motion for the imposition of conditional sanctions against Hughes Tool Co. in connection with the prospective deposition of Howard Hughes.

In prior proceedings this court has already decided interlocutory problems involved in this lawsuit of Robert Maheu against the Howard Hughes interests for what he claims was his wrongful discharge from employment. Our first decision, Maheu v. District Court, 88 Nev. 12, 493 P.2d 709 (1972), removed an ex parte stay order, which should have paved the way for the taking of Howard Hughes' deposition, the major consideration before the court at that time. Later, in the same entitled action reported in 88 Nev. 592, 503 P.2d 4 (1972), we voided an invalid provision of a preliminary injunction which had interfered with the expeditious processing of this litigation. Those roadblocks removed, the trial court proceeded to accumulate all of the matters and motions pending and to set them for hearing[1] Maheu asserts that he is entitled to a

---

| DATE[1] | PARTY FILING MOTION | NATURE OF MOTION |
|---|---|---|
| 1/11/71 | Hughes | Motion to vacate notice to take deposition of Hughes |
| 1/15/71 | Hughes | Motion to vacate notice to take deposition of Raymond M. Holliday |
| 1/19/71 | Hughes | Motion for stay and for extension of time |

priority determination of his motion for sanctions surrounding the taking of Hughes' deposition because some of the language of our first decision so directed. He is accurate in stating the purport of that decision but we will not interfere with the trial court's calendaring of the pending motions. The lower court

| DATE | PARTY FILING MOTION | NATURE OF MOTION |
|---|---|---|
| 2/21/71 | Maheu | Motion to strike portion of affidavit of Thomas McKeon |
| 3/9/71 | Maheu | Motion for compulsory physical examination of Hughes |
| 3/9/71 | Maheu | Motion for reference to special master to examine files and documents |
| 3/9/71 | Maheu | Motion for production of documents |
| 3/9/71 | Maheu | Motion for access to sealed transcript |
| 3/9/71 | Maheu | Motion to vacate stay of depositions of Davis and Gay |
| 3/22/72 | Hughes | Motion for order fixing conditions of supersedeas and appointing special master |
| 3/22/72 | Hughes | Motion for stay of proceedings pending appeal |
| 3/22/72 | Hughes | Motion to amend complaint |
| 3/22/72 | Hughes | Motion for summary judgment on counterclaim |
| 3/22/72 | Hughes | Motion for summary judgment making permanent preliminary injunction |
| 3/22/72 | Defendants | Motion to dismiss for failure to comply with NRCP 19, 17 and 8 |
| 3/22/72 | Hughes | Motion for order scheduling motions for hearing |
| 3/26/72 | Maheu | Motion to vacate ex parte extension order of 3/22/72 and to strike motions filed on the basis of said ex parte order |
| 5/3/72 | Maheu | Motion for imposition of a conditional sanction against plaintiff Hughes Tool Co. |
| 5/19/72 | Hughes | Rule 56(g) motion for recovery of costs |
| 5/3/72 | Maheu | Application for priority hearing on motion to impose sanctions |
| 1/2/73 | Maheu | Motion under Rule I(7) Eighth Judicial District Court Rules objecting to a setting for hearings of motions noted for motion docket of 1/5/73 until the hearing and disposition of the 5/3/72 motion for imposition of conditional sanction against plaintiff Hughes Tool Co. |
| 1/8/73 | Hughes | Charge of disqualification of judge and in the alternative application to vacate the ex parte order of 1/2/73 |
| 1/15/73 | Maheu | Motion to strike withdrawal of motions filed 1/12/73 |
| 1/19/73 | Maheu | Motion under Rule III(2) to strike from the calendar or overrule for want of proper prosecution the following documents filed 1/18/73 |

has broad discretion in calendaring matters before it. The United States Supreme Court has held:

> "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment which must weigh competing interests and maintain an even balance." Landis v. North American Co., 299 U.S. 248, 254–55 (1936).

We find no abuse of discretion by the trial court. The petition is denied.

THOMPSON, C. J., and MOWBRAY, GUNDERSON, and BATJER, JJ., concur.