HERSHEL NICHOLSON, JR., Appellant, v. PAMELA NICHOLSON, Respondent.

No. 21192

April 30, 1991 · · · · · · · · · · 809 P.2d 1267

*George R. Carter*, Las Vegas, for Appellant.

*Art Wehrmeister*, District Attorney and *Victor H. Schulze, II*, Deputy District Attorney, Nye County, for Respondent.

## OPINION

*Per Curiam:*

Hershel Nicholson and Pamela Nicholson were separated in July 1988. Until October 1989, there was no order for support. On October 11, 1989, the Eighth Judicial District Court granted a "Decree of Divorce" to Hershel and Pamela Nicholson. Incorporated into that decree of divorce was a "Property Settlement Agreement" between the parties dated October 9, 1989. The Property Settlement Agreement purported to be a "full, complete, and final settlement of all their respective marital and property rights . . . including but not limited to, all claims for support or maintenance of either party, inheritance, family allow-

ance, marital rights, homestead and each and every claim against the other arising from the marriage or otherwise.''

On December 21, 1989, Pamela Nicholson filed a URESA action in Nye County. Mrs. Nicholson asked for arrearages based upon NRS 125B.030, claiming that her husband had a duty to support the children during the separation period.[1]

At the hearing on February 14, 1990, before Judge Parraguirre, Mr. Nicholson represented that the divorce court had denied interim child support because Mrs. Nicholson had failed to account for $9,500 which she had received for a spa, a satellite dish, and other items. This representation was not contradicted by Mrs. Nicholson or her counsel.

The district court entered an order stating that appellant owed reimbursement in the amount of $3,234.

The law is clear that a URESA court may not modify or nullify a preexisting duty for support. Vix v. State of Wisconsin, 100 Nev. 495, 686 P.2d 226 (1984); *see also* Taylor v. Vilcheck, 103 Nev. 462, 470-71, 745 P.2d 702, 708 (1987) (URESA court cannot increase prospective child support payments to an amount greater than that set forth in prior decree). Appellant contends that, in the present case, the URESA court modified a preexisting duty of support under the district court's order of October 11, 1989. We concur.[2]

The Property Settlement Agreement incorporated into the district court order of October 11, 1989, included a full and final resolution of the issue of support payments. The uncontradicted evidence shows that the district court declined to impose an interim support obligation on Mr. Nicholson under NRS 125B.030 because Mrs. Nicholson refused to account for $9,500 which she had received as proceeds for a spa, satellite dish, and other items. Under such circumstances, imposition of support payments by the URESA court was clearly a modification of the prior court order.

For the foregoing reasons, we reverse the judgment of the district court.

---

[1]NRS 125B.030 provides as follows:

Recovery by parent with physical custody from other parent. Where the parents of a child are separated, the physical custodian of the child may recover from the parent without physical custody a reasonable portion of the cost of care, support, education and maintenance provided by the physical custodian. In the absence of a court order, the parent who has physical custody may recover not more than 4 years' support furnished before the bringing of the action.

[2]We do not determine, at this time, whether a URESA court has original jurisdiction to impose child support under NRS 125B.030.