An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MIGUEL HERNANDEZ,<br>Appellant,<br>vs.<br>JACK PALMER; KIRK WIDMAR; AND<br>VALAREE OLIVAS,<br>Respondents. | No. 58353 |
| MIGUEL HERNANDEZ-BOLANOS,<br>Appellant,<br>vs.<br>KIRK WIDMAR; JACK PALMER;<br>KATIE PHILLIPS; AND ROBERT<br>LEGRAND,<br>Respondents. | No. 59414 ✓ |

FILED

SEP 19 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

These are two unconsolidated proper person appeals challenging district court orders dismissing civil rights complaints. Sixth Judicial District Court, Pershing County; Richard Wagner, Judge.

These appeals arise from two separate district court actions filed by appellant Miguel Hernandez,[1] an inmate, alleging that he was denied due process in connection with a disciplinary hearing, which resulted in his being sentenced to 18 months of disciplinary segregation and ordered to pay $4,000 in restitution. Both appeals arise from the same underlying set of facts, and thus, in this order, we address both of Hernandez's appeals in turn.

---

[1]The caption for Docket No. 59414 identifies appellant as Miguel Hernandez-Bolanos. Appellant, however, has identified himself only as Hernandez, whereas respondents have identified him as Hernandez-Bolanos. For simplicity, this order refers to appellant as Hernandez.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-27962

*Docket No. 58353*

In the district court action underlying this appeal, Hernandez filed an amended complaint on the form that is used for filing state tort claims against the State of Nevada under NRS 41.031, which waives the State's immunity from liability for civil actions. Respondents Jack Palmer, Kirk Widmar, and Valaree Olivas, who were the named defendants to the action, moved to dismiss the complaint on the ground that Hernandez had failed to name the State as a defendant, as required by NRS 41.031(2) and NRS 41.0337. In response, Hernandez conceded that, to the extent that his complaint was filed as a state tort action, dismissal for failure to name the State would be appropriate. Nevertheless, he contended that, despite his use of the state tort form, he had intended to file the action as a civil rights complaint under 42 U.S.C. § 1983, for which the State was not a proper defendant. Thus, he moved the district court for permission to amend his complaint in order to properly file it on the form for filing 42 U.S.C. § 1983 civil rights complaints. Palmer, Widmar, and Olivas opposed the motion to amend.

The district court granted the motion to dismiss, concluding that the complaint was filed pursuant to NRS 41.031 and that Hernandez had failed to name the State as a defendant. Additionally, the court found that Hernandez had "styled his Opposition as both an opposition and a Motion for leave to amend," but that the only pleadings allowed by NRCP 7(a) are a complaint and an answer. The court therefore declined to rule on the motion to amend, stating that it was an improper attempt to incorporate a motion into a pleading. This appeal followed. As directed, respondents have filed a response to appellant's civil proper person appeal statement. Hernandez has filed a reply.

*Motion to amend*

As an initial matter, Hernandez argues that the district court mistakenly concluded that his motion to amend was improperly incorporated into a pleading. Respondents do not address this argument in their response to appellant's appeal statement.

As noted by the district court, NRCP 7(a) sets forth the pleadings that are allowed in a civil action. But neither a motion to dismiss, nor an opposition thereto, is a pleading identified under NRCP 7(a). Thus, Hernandez's motion to amend, which was incorporated with his opposition to the motion to dismiss, was not improperly submitted as part of a pleading, and the district court therefore abused its discretion by declining to consider the motion to amend on the ground that Hernandez had improperly attempted to combine it with a pleading. *See Whealon v. Sterling*, 121 Nev. 662, 665, 119 P.3d 1241, 1244 (2005) (providing that the district court's decision as to a motion to amend the pleadings is reviewed for an abuse of discretion).

*Naming the State as a defendant*

Although the district court did not address the merits of the motion to amend, it is well established that this court may affirm a correct result produced by the district court for reasons other than those relied on by that court in issuing its decision. *See Wyatt v. State*, 86 Nev. 294, 298, 468 P.2d 338, 341 (1970). Here, in responding to appellant's appeal statement, respondents argue that, even with the proposed amendment, the complaint would have been subject to dismissal because NRS 41.031 and NRS 41.0337 require the State to be named as a defendant in actions involving state employees performing their official duties, regardless of whether such actions are brought pursuant to 42 U.S.C. § 1983. Hernandez, however, argues that NRS 41.031 and NRS 41.0337 do not

apply to actions brought under 42 U.S.C. § 1983, which recognizes a right of action against any "person" who, under color of law, deprives another person of his or her constitutional rights. If respondents are correct, amendment of the complaint would have been futile, and dismissal would have been proper. *See Halcrow, Inc. v. Eighth Judicial Dist. Court*, 129 Nev. ___, ___, 302 P.3d 1148, 1152 (2013) ("[L]eave to amend should not be granted if the proposed amendment would be futile.").

As mentioned above, NRS 41.031(1) waives the State's immunity from liability in civil actions, with certain exceptions. NRS 41.031(2) further provides that an action brought under that statute "must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." And under NRS 41.0337, any "tort action arising out of an act or omission within the scope of a person's public duties or employment," must include the State or appropriate political subdivision as a named defendant under NRS 41.031. In other words, under these statutes, any claims against the State or a state officer acting "within the scope of [his or her] public duties or employment" must name the State as a defendant. NRS 41.0337.

In *Will v. Michigan Department of State Police*, 491 U.S. 58, 64-70 (1989), however, the United States Supreme Court concluded that states are not "persons" within the meaning of 42 U.S.C. § 1983. As a result, an individual cannot maintain a 42 U.S.C. § 1983 action against a state. *See id.* Moreover, the Court noted that, when a state official is sued in his or her official capacity, the suit is not truly brought against the official, but instead, is a suit against the official's office. *Id.* at 71. Such a case therefore is effectively a suit against the state itself. *Id.* As a result,

the Supreme Court extended its conclusion that a state is not a "person" for the purposes of 42 U.S.C. § 1983 to apply equally to state officials sued in their official capacities. *Id.* In other words, a 42 U.S.C. § 1983 action cannot be properly brought against the state or a state official acting in his or her official capacity, regardless of whether the complaint is filed in state or federal court. *See Will*, 491 U.S. at 64-71. Such an action may be made, however, against a state official in his or her personal or individual capacity, even if the actions were taken as part of his or her official duties. *See Hafer v. Melo*, 502 U.S. 21, 27-28 (1991).

Because the State cannot be a proper defendant to a 42 U.S.C. § 1983 action, *see Will*, 491 U.S. at 64-70, NRS 41.031 and NRS 41.0337 necessarily do not apply to 42 U.S.C. § 1983 actions. Instead, to the extent that Hernandez's complaint was intended to institute a 42 U.S.C. § 1983 civil rights action, Palmer, Widmar, and Olivas, in their individual capacities were the proper defendants to that action, not the State. Under these circumstances, it would not have been futile to allow Hernandez to amend his complaint so that it presented an action under 42 U.S.C. § 1983 against Palmer, Widmar, and Olivas in their individual capacities.

Because the district court improperly declined to consider the motion to amend and amendment would not have been futile, the district court abused its discretion by denying the motion to amend and dismissing Hernandez's complaint. *See Whealon*, 121 Nev. at 665, 119 P.3d at 1244 (providing that the district court's decision as to a motion to amend the pleadings is reviewed for an abuse of discretion). Accordingly, we reverse the district court's order of dismissal in Docket No. 58353 and remand this

matter to the district court for further proceedings consistent with this order.[2]

*Docket No. 59414*

After the complaint discussed above was dismissed, Hernandez filed a second district court complaint under 42 U.S.C. § 1983 based on the same underlying facts, again naming as defendants Widmar and Palmer, but this time also naming respondents Katie Phillips and Robert LeGrand as defendants while excluding Olivas from the complaint. The district court ultimately dismissed this second complaint on claim preclusion grounds based on the dismissal of appellant's previous action, and this appeal followed.

Claim preclusion bars a subsequent action "based on the same set of facts and circumstances" as a prior action, *Five Star Capital Corp. v. Ruby*, 124 Nev. 1048, 1055, 194 P.3d 709, 714 (2008), and it applies when "(1) the parties or their privies [to the suits] are the same, (2) the final judgment [in the first suit] is valid, and (3) the subsequent action is based on the same claims or any part of them that were or could have been brought in the first case." *Id.* at 1054, 194 P.3d at 713 (footnotes omitted). With regard to the validity of the final judgment, this court has clarified

_____

[2]To the extent that respondents assert that they were never properly served with the complaint in this action, Hernandez disputes this contention, and the district court made no findings below with regard to service. As a result, we decline to address this factual issue for the first time on appeal. *See Ryan's Express Trans. Servs., Inc. v. Amador Stage Lines, Inc.* 128 Nev. ___, ___, 279 P.3d 166, 172 (2012) (explaining that "[a]n appellate court is not particularly well-suited to make factual determinations in the first instance"). Nevertheless, we note that, to the extent that respondents raised this issue below, they are not precluded from raising it in the district court on remand.

that the first judgment on which preclusion is based does not necessarily have to have been on the merits, but cannot have been a dismissal for a reason that is not intended to have a preclusive effect, such as a dismissal for failure to join a party. *Id.* at 1054 n.27, 194 P.3d at 713 n.27.

Here, Hernandez's first action was dismissed for failure to name the State as a party to the complaint pursuant to NRS 41.031 and NRS 41.0337. Thus, it was not a valid final judgment intended to give preclusive effect, and the district court erred by applying the doctrine of claim preclusion to this case. *See Five Star Capital*, 124 Nev. at 1054 n.27, 194 P.3d at 713 n.27. Moreover, although Hernandez again did not name the State as a defendant in the second action, as discussed above, the State was not a proper party to his 42 U.S.C. § 1983 complaint. *See Will*, 491 U.S. at 64-71. Accordingly, we reverse the district court's order of dismissal in Docket No. 59414 and remand the matter to the district court for further proceedings.[3]

It is so ORDERED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

---

[3]We recognize that our resolution of these appeals results in two nearly identical cases being returned to the district court for disposition, and we make no comment as to how the district court should administer these cases on remand. *See Maheu v. Eighth Judicial Dist. Court*, 89 Nev. 214, 217, 510 P.2d 627, 629 (1973) (recognizing the inherent power of "every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants").



cc: Hon. Richard Wagner, District Judge
Miguel Hernandez
Attorney General/Carson City
Pershing County Clerk