An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY MICHAEL DAVIES, JR.,
Appellant,
vs.
KELLY MARIE DAVIES,
Respondent.

No. 63975

**FILED**

DEC 1 5 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court post-divorce decree order regarding property distribution and attorney fees. Eighth Judicial District Court, Family Court Division, Clark County; Vincent Ochoa, Judge.

On appeal, appellant argues that the district court abused its discretion when it awarded respondent $4,651 for her community property share of the money used to post appellant's bond. The record on appeal, which does not include a hearing transcript, does not support appellant's assertion that respondent had already been repaid the bond money, and thus, we conclude that the district court did not abuse its discretion in awarding respondent $4,651. *See Wolff v. Wolff*, 112 Nev. 1355, 1359, 929 P.2d 916, 918-19 (1996) (explaining that this court reviews the district court's division of community property for an abuse of discretion); *see also Cuzze v. Univ. & Cmty. Coll. Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (providing that this court will presume that missing portions of the record support the district court's decision).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-40648

Next, appellant argues that the district court abused its discretion by awarding respondent attorney fees in conjunction with her post-judgment motion because the district court had ordered that each party was responsible for their share of fees and costs in the divorce decree. Because the district court has discretion to award attorney fees and costs for post-judgment motions in divorce actions, we conclude that the district court did not abuse its discretion in awarding respondent attorney fees associated with the motion. *See Love v. Love*, 114 Nev. 572, 581-82, 959 P.2d 523, 529 (1998) (recognizing the district court's discretion to award fees and costs in post-divorce decree orders); *see also Miller v. Wilfong*, 121 Nev. 619, 622, 119 P.3d 727, 729 (2005) (explaining that a district court's decision as to attorney fees in divorce proceedings is reviewed for an abuse of discretion).

Finally, appellant challenges the district court's order that reduced to judgment child support arrears that accrued from the parties' separation in September 2011. Having reviewed the record, we conclude that the district court did not abuse its discretion in reducing this amount to judgment. *See* NRS 125B.030 (allowing the custodial parent to recover child support during a period of separation before the action to establish support); *Mason v. Cuisenaire*, 122 Nev. 43, 128 P.3d 446 (2006) (recognizing that the custodial parent may recover child support for the period of separation before the divorce under NRS 125B.030); *Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that

matters of child support are within the district court's sound discretion). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____ , C.J.
Gibbons

_____ , J.
Pickering

_____ , J.
Saitta

cc:   Hon. Vincent Ochoa, District Judge
      Jerry Michael Davies, Jr.
      Bourke Law Ltd.
      Eighth District Court Clerk

---

[1]We conclude that appellant's additional arguments lack merit. To the extent appellant sought to challenge the divorce decree in this appeal, because appellant never timely appealed from the divorce decree, we lack jurisdiction to consider any challenge to the divorce decree. *See* NRAP 4(a)(1) (providing that a notice of appeal must be filed within 30 days of service of the written notice of entry of the judgment).

