# IN THE SUPREME COURT OF THE STATE OF NEVADA

JUSTIN PETRILLA,
Appellant,
vs.
MARISSA ROSE CASTILLO,
Respondent.

No. 67566

FILED

FEB 12 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a pro se appeal from a divorce decree raising issues of child support and child custody. Eighth Judicial District Court, Family Court Division, Clark County; Sandra L. Pomrenze, Judge.

The parties separated shortly after the birth of their twin children in 2003, although they remained married. In 2014, respondent filed a complaint for divorce and a separate action to terminate appellant's parental rights. In the divorce decree, the district court awarded respondent sole legal and physical custody of the children and recovery from appellant for past support furnished to the children, and appellant filed this appeal. Shortly thereafter, appellant's parental rights were terminated in the separate action.[1]

---

[1]We direct the clerk of this court to file "Appellant's Reply to Respondent's Answering Brief," provisionally received in this court on January 15, 2016.

16-04674

To the extent that appellant challenges the district court's custody ruling, the issue is rendered moot by the intervening termination of appellant's parental rights. *In re Jaxsin L.*, 2 N.Y.S.3d 307, 307-08 (App. Div. 2015) (holding that an order terminating parental rights rendered moot appellant's appeal regarding visitation); *see Personhood Nev. v. Bristol*, 126 Nev. 599, 602, 245 P.3d 572, 574 (2010). Appellant's arguments as they apply to past child support, however, are not moot. Appellant contends that the district court erred when it ordered him to pay for pre-divorce decree support for the children. *See* NRS 125B.030 (providing that when parents of a child do not reside together, the custodial parent may recover from the noncustodial parent a reasonable portion of the cost of care and support of a child for up to four past years). He asserts that respondent waived her right to this support because she withheld the children from contact with him and did not file for divorce until several years after the separation. Whether a party has waived the right to past support is a question for the trier of fact, *Parkinson v. Parkinson*, 106 Nev. 481, 483, 796 P.2d 229, 231 (1990), *abrogated on other grounds by Rivero v. Rivero*, 125 Nev. 410, 216 P.3d 213 (2009), but appellant has not demonstrated that he made this argument in the district court. Thus, the trier of fact had no opportunity to consider whether respondent waived her right to recover the cost of support, and appellant has waived the right to argue it on appeal. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) ("A point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to

have been waived and will not be considered on appeal."); *Mason v. Cuisenaire*, 122 Nev. 43, 52 n.22, 128 P.3d 446, 452 n.22 (2006) (declining to consider an obligor's assertion of an equitable defense to child support because he failed to raise the argument in the district court).

Appellant also argues that the district court demonstrated bias because it stayed the divorce action pending proceedings in the termination case, presided over both the divorce and termination cases, and made statements suggesting appellant agree to an open adoption. District courts have broad discretion when calendaring pending matters, including the power to stay proceedings to promote judicial economy, and appellant has failed to demonstrate the district court's stay in this case was an abuse of discretion. *Maheu v. Eighth Judicial Dist. Court*, 89 Nev. 214, 216, 510 P.2d 627, 629 (1973). The district court also properly presided over both the termination action and divorce. NRS 3.025(3) (providing that when the parties in a case before a family court judge are also parties in another case, the same family court judge shall preside over both cases); EDCR 5.42(a). And while post-adoptive contact agreements are not enforceable unless incorporated into the adoption decree, contrary to appellant's assertions, such "open adoption" agreements do not violate public policy. *Birth Mother v. Adoptive Parents*, 118 Nev. 972, 975-76, 59 P.3d 1233, 1235-36 (2002). Moreover, it impossible to evaluate appellant's assertion of inappropriate comments by the district court regarding any post-adoptive-contact agreement when he failed to provide this court with a transcript of the district court hearing. *See Cuzze v. Univ. & Cmty. Coll.*

*Sys. of Nev.*, 123 Nev. 598, 603, 172 P.3d 131, 135 (2007) (explaining that this court cannot consider matters not contained in the appellate record and providing that an appellant has a duty to make an adequate appellate record).

For these reasons, we

ORDER the judgment of the district court AFFIRMED.[2]

_____, C.J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

cc:    Hon. Sandra L. Pomrenze, District Judge, Family Court Division
       Justin Petrilla
       Christensen James & Martin
       Eighth District Court Clerk

---

[2]To the extent that appellant's arguments are not addressed here, we conclude that those arguments lack merit.