# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| T.L. TOWNSEND BUILDERS, LLC, D/B/A TOWNCO CONSTRUCTION GROUP; AND TOMMIE LEE TOWNSEND, II, MANAGING MEMBER AND QUALIFIED INDIVIDUAL, Appellants, vs. NEVADA STATE CONTRACTORS BOARD, Respondent. | No. 80518 |
| | FILED |
| | APR 16 2021 |
| | ELIZABETH ~~~~ CLERK OF SUPRE~~~ BY ~~~~ DEPUTY CLERK |
| T.L. TOWNSEND BUILDERS, LLC, D/B/A TOWNCO CONSTRUCTION GROUP; AND TOMMIE LEE TOWNSEND, II, MANAGING MEMBER AND QUALIFIED INDIVIDUAL, Appellants, vs. NEVADA STATE CONTRACTORS BOARD, Respondent. | No. 81185 |

## ORDER OF AFFIRMANCE

These are consolidated appeals from district court orders denying a petition for judicial review and awarding attorney fees and costs in an administrative matter. Eighth Judicial District Court, Clark County; Mary Kay Holthus, Judge.[1]

After a nearly one-year investigation, respondent Nevada State Contractors Board (the Board) revoked appellants Tommie Lee Townsend, II and T.L. Townsend Builders, LLC's (collectively Townco) contractor's license in part because it found that Townco had submitted fraudulent

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

21-11076

financial documents to the Board during its investigation. Townco petitioned the district court for judicial review, alleging that the Board deprived it of due process because the presiding administrative law judge (ALJ) was not impartial as he also sometimes served the Board as a prosecutor. It also challenged the Board's findings regarding evidence and witness credibility. The district court denied Townco's petition and entered an order awarding the Board attorney fees and costs.

We first reject Townco's argument that the district court abused its discretion in allowing the Board to supplement the record of proceedings with an affidavit from the ALJ but denying Townco's similar request regarding a declaration from its counsel. *See Minton v. Bd. of Med. Exam'rs*, 110 Nev. 1060, 1081, 881 P.2d 1339, 1353-54 (1994) (reviewing a district court's decision to supplement the record on judicial review of an administrative matter for an abuse of discretion), *disapproved of on different grounds by Nassiri v. Chiropractic Physicians' Bd.*, 130 Nev. 245, 327 P.3d 487 (2014). As the crux of Townco's petition asserted that the ALJ's dual roles deprived it of due process, the district court properly exercised its discretion by admitting the ALJ's affidavit addressing how his roles are divided. *See* NRS 233B.135(1) (authorizing the district court to supplement the administrative record with evidence regarding alleged irregularities in procedure). And we further conclude that the district court did not abuse its discretion in denying Townco's request to supplement the record because the declaration it sought to admit only addressed the

veracity of the ALJ's affidavit, not alleged irregularities in the Board's proceedings.[2]

Turning to Townco's due process argument, we first note that Townco waived its right to challenge the ALJ's role as adjudicator in the Board proceedings by participating in multiple hearings without objecting or otherwise seeking his recusal. *See Brown v. Fed. Sav. & Loan Ins. Corp.*, 105 Nev. 409, 412, 777 P.2d 361, 363 (1989) (providing that a party's failure to timely seek recusal of a judicial officer results in a waiver of the issue). Nonetheless, as the district court chose to address Townco's due process argument when reviewing its petition, *see Mason v. Cuisenaire*, 122 Nev. 43, 48 n.7, 128 P.3d 446, 449 n.7 (2006) (recognizing that a court may, but is not required to, address constitutional arguments raised for the first time on appeal), we review and agree that the Board did not deprive Townco of due process, *see Withrow v. Larkin*, 421 U.S. 35, 46-47 (1975) (explaining that the due process requirement of a fair trial before an unbiased decisionmaker applies to administrative agencies). While Townco showed that the ALJ also served as a Board prosecutor at times, it "has demonstrated no improper commingling of judicial and prosecutorial functions" here, *Laman v. Nev. Real Estate Advisory Comm'n*, 95 Nev. 50, 57, 589 P.2d 166, 170 (1979), as the ALJ did not serve as a prosecutor in

---

[2]We decline to consider Townco's argument that the district court abused its discretion in refusing to let Townco cite to the declaration, after the district court already refused to supplement the record with it, because Townco fails to cite to any supporting authority. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (requiring parties to support arguments with salient authority).

Townco's matter,[3] *see* NRS 233B.122(1) (providing that an agency prosecutor for a matter may not participate in the adjudication of that matter). We also conclude that the Board did not violate Townco's due process rights by denying its petition for reconsideration through a decision signed by the Board's executive officer, as the Board designated her to review such petitions. *See* NAC 624.7293(5) (explaining that the Board or its designee will review a petition for reconsideration and issue a decision).

Townco next argues the Board's decision is not supported by substantial evidence because the record demonstrates that the false financial documents were the product of an honest mistake, not an intentional misrepresentation. It further argues that the records were immaterial such that the Board erred by concluding Townco violated NRS 624.3016(1), which lists a contractor's misrepresentation of a material fact as among those acts that are cause for disciplinary action. We disagree. The record reflects that the Board weighed competing evidence when making its decision. We "[cannot] substitute [our] judgment for that of the agency as to the weight of evidence on a question of fact." NRS 233B.135(3); *see also City Plan Dev., Inc. v. Office of Labor Comm'r*, 121 Nev. 419, 433, 117 P.3d 182, 191 (2005) (providing that an agency's credibility determinations are not open for appellate review). And we are not persuaded that the documents were immaterial, as licensees are required to demonstrate their financial responsibility in order for the Board to protect the public. *See* NRS 624.262-.263 (generally requiring licensees to

---

[3]We further disagree that the ALJ's service as a Board prosecutor cloaked him with an impermissible risk of bias, as Townco produced insufficient evidence to "overcome [the] presumption of honesty and integrity" afforded to agency adjudicators. *Withrow*, 421 U.S. at 47.

prove financial responsibility). Furthermore, because Townco was the subject of a disciplinary proceeding, it was required to submit financial statements in the manner prescribed by the Board. *See* NRS 624.323(1)(a)(2) (providing that a licensee shall submit a financial statement "in a format prescribed by the Board").

We also disagree with Townco's contention that the Board's decision is not supported by substantial evidence due to allegedly false testimony from the Board's witnesses. Townco first argues that a Board witness falsely testified that she did not receive Townco's bank statements. Even though it appears the witness was mistaken as to whether Townco sent the records, other evidence supports the Board's decision; namely the documents Townco admitted it falsified. Townco also asserts that another Board witness falsely testified about Townco performing plumbing work without a permit or license. But Townco provided no evidence to the Board to contradict the witness's testimony and the permit Townco submitted on reconsideration actually corroborated the witness's testimony. Based on this and other evidence in the record, we conclude that the Board's findings are not "[c]learly erroneous in view of the reliable, probative and substantial evidence" in the record. NRS 233B.135(3)(e); *see also Elizondo v. Hood Mach., Inc.*, 129 Nev. 780, 784, 312 P.3d 479, 482 (2013) (reviewing an administrative agency's factual findings for an abuse of discretion or clear error, and providing that a court should only overturn those findings if they are not supported by substantial evidence).

Lastly, because the Board was the prevailing party in the district court proceedings and the district court did not abuse its discretion in making the award, we also affirm the award of attorney fees and costs to the Board. *See* NRS 622.410 (requiring the district court to award

SUPREME COURT
OF
NEVADA

(O) 1947A

5

reasonable attorney fees and costs when a regulatory body is a prevailing party); *see also* NRS 18.020(4) (providing that costs must be awarded to the prevailing party in a special proceeding); *Gunderson v. D.R. Horton, Inc.*, 130 Nev. 67, 82, 319 P.3d 606, 616 (2014) (reviewing an attorney fee award for an abuse of discretion). We decline Townco's request to reverse or reduce the amount of the award as "clearly excessive"; Townco did not argue that the district court failed to consider the appropriate factors and did not support its attorney fees argument with proper authority. *See Edwards*, 122 Nev. at 330 n.38, 130 P.3d at 1288 n.38 (declining to consider arguments not supported by relevant authority). Accordingly, we

ORDER the judgments of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc: Hon. Mary Kay Holthus, District Judge
Janet Trost, Settlement Judge
Kung & Brown
Louis A. Ling
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A